## EDDIE BUTLER v. THE STATE.

No. 21381. Delivered February 19, 1941.

The opinion states the case.

*Marvin P. McCoy*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for assault with intent to rape. The punishment assessed is confinement in the State penitentiary for a term of 101 years.

The State's testimony shows that about 8:30 P. M. on January 6, 1939, appellant entered the tent of Mr. and Mrs. William Lueck with a pistol in his hand and made an assault upon Mrs. Lueck, and did, by putting her in fear of her life, intend to ravish her. Appellant denied that he was at the tent on the night in question. He testified that he was working at a restaurant for Sarah Irwin, and he was corroborated in his plea of alibi by a number of witnesses of his own race. The issue thus formed was determined by the jury adversely to appellant.

By Bill of Exception No. 1 appellant complains of the action of the District Attorney on cross-examination in asking him if he had not been indicted in cause No. 46,793 for an assault with intent to rape Mrs. Haley. He replied to the State's question in the affirmative. It is further made to appear from the bill that after the trial and during the pendency of the motion for a new trial in the instant case, one Nehemiah Glover, confessed to having committed the assault on Mrs. Haley, and upon the hearing of appellant's motion for a new trial, Mrs. Haley testified that she was mistaken in her identification of the appellant as the person who assaulted her; that in truth and in fact Glover was the person who assaulted her and not the appellant. The question relating to the appellant's indictment in cause No. 46,793 and his reply thereto in the affirmative was not admitted for the purpose of showing the appellant's guilt in this case but for the purpose of affecting his credibility as a witness, and the court so instructed the jury on the subject. However, the testimony shows that appellant had theretofore been indicted and convicted in four separate and

distinct felonies. It is inconceivable how the fact that he was indicted for an assault with intent to rape Mrs. Haley could have prejudiced him with the jury any more than his admitted former convictions. The fact that Mrs. Haley may have been mistaken in her identification of the appellant could in no event be used to show that Mrs. Lueck was likewise mistaken in her identification of him. If appellant had not admitted his former convictions and none had been shown, a more serious question might have been presented; but from all the facts and circumstances disclosed by the record, we do not believe that the bill reflects any reversible error.

By Bill of Exception No. 2 appellant complains of the action of the District Attorney in the cross-examination of Sarah Irwin, a witness for the appellant, in eliciting from her the fact that she did not testify in behalf of the appellant at his former trial; that she was present at the former trial when he got 100 years. It appears that counsel immediately moved the court to enter a mistrial which the court declined to do, but instructed the jury not to consider the evidence for any purpose whatever. However, the contention is here made that the testimony was so damaging and prejudicial that the court could not effectually eradicate the same from the minds of the jury. We are of the opinion that there is merit in his contention.

Article 759, C. C. P., reads as follows:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument."

If the District Attorney had merely proved by the witness that on the former trial of the appellant in this case she was in attendance upon the court but had not been called as a witness to testify, it would not necessarily require a reversal of the judgment, but when the result of the former trial was disclosed to the jury, it was obviously hurtful, and to what extent it may have influenced the jury to assess the punishment at 101 years, we will not pause to speculate.

In the case of Wyatt v. State, 58 Texas Cr. R. 115, the Assistant County Attorney, on cross-examination of the accused, asked him the following question: "Have you not been convicted and given ten years in this case?" The court immediately stopped the attorney and remarked, "Don't ask such questions as that. You know you have no right to ask such questions, and

if you do it again the court will punish you." The court then turned to the jury and instructed them that the question was not in evidence and that it was illegal and improper, and that they should not consider it for any purpose whatever. Notwithstanding the court's action in that case, this court, speaking through Judge Davidson, held that the question propounded was improper and of such prejudicial nature that the court could not effectually withdraw it from the jury. We are of the opinion that knowledge of the result of the former trial had the same effect upon the minds of the jury in the instant case as it did in the case of Wyatt v. State, supra; and upon the authority of that case, we feel that the judgment of the trial court in the present instance should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.